```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
               JACKSON DIVISION
```

**TAMECA LEIGH DRUMMER, #138477**                             **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO. 3:08-cv-622-TSL-JCS**

**MARGARETT BINGHAM AND DR. VERA BROOKS**           **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before this court <u>sua sponte</u> for consideration of dismissal. On November 6, 2008, an order [5] was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that her failure to pay the filing fee in a timely manner may result in the dismissal of this case.

On January 8, 2009, an order [6] was entered directing plaintiff to show cause, within fifteen days, why this case should not be dismissed for her failure to timely comply with the court's November 6, 2008 order[5]. In addition, plaintiff was directed to comply with the November 6, 2008 order [5] by paying the full filing fee, within fifteen days. The show cause order [6] warned plaintiff that failure to timely comply with the

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

requirements of the order would lead to the dismissal of her complaint. Plaintiff did not pay the filing fee as directed by the court's order.

On January 22, 2009, plaintiff filed a letter [7]and a response [8]. These documents [7 & 8] stated reasons why this court should not dismiss the plaintiff's case for failure to pay the filing fee. Having reviewed the letter [7] and response [8], this court liberally construes these arguments as an attempt to meet the exception to 28 U.S.C. § 1915(g). Plaintiff asserts that she has been denied proper medical care. Plaintiff states that she has an infection in her "blood line" that needs to be treated by Lamisil. [8, p. 1] She has asked for Lamisil or a substitute but has been denied. Plaintiff claims that she has seen Dr. Vera Brooks and been given medication for her infection; however, she was not given Lamisil. Plaintiff also complains of a hernia, and that she saw Dr. Vera Brooks for this complaint as well and was given ibuprofen and aspirin. Plaintiff also requested an ultrasound which Dr. Brooks did not perform but prescribed medication for plaintiff. Plaintiff lists the above reasons for why her case should not be dismissed for failure to pay the filing fee.

Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to
> conclude that a prisoner with three strikes is entitled

> to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).

Having reviewed the allegations in the plaintiff's original complaint filed October 8, 2008, and plaintiff's response [8] filed January 22, 2009, the court finds no assertions which indicate that the plaintiff was facing "impending" serious physical harm. The court finds plaintiff's allegations of failure to provide medical treatment insufficient to meet the threshold requirement of imminent danger of serious physical injury. See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001) (allegations of missed appointment for circumcision and prison

3

doctor's failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  For the foregoing reasons, the court finds that plaintiff has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g).

Further, plaintiff has failed to comply with two court orders.  This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so

4

as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice. See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED AND ADJUDGED, this the 20th day of March, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE